Following a jury trial in the Superior Court, the defendant was convicted of assault and battery in violation of a restraining order, G. L. c. 265, § 13A(b )(iii), of violating an abuse prevention order, G. L. c. 209A, § 7, and of threatening to commit a crime (murder), G. L. c. 275, §§ 2 and 4.[2] On appeal, the defendant argues that the judge erred in admitting two photographs of the victim, and that the prosecutor engaged in improper closing argument. For the reasons that follow, we affirm.
Background. The convictions stemmed from a violent incident that occurred during the night of April 9, 2013. The victim was the defendant's girl friend. The two resided together in an apartment in Townsend with their infant son. After arguing for most of the evening, the victim retired to the bedroom with the child. At some point during the night, the defendant attacked the victim. He climbed onto her back and placed her in a choke hold. When the victim tried to escape, the defendant broke her cellular telephone and threatened to kill her and their son. Eventually, on the ruse that the baby needed a bottle, the victim took her son and fled the apartment. She went to the apartment of her landlord, who then called the police.
The defense theory, which was presented through cross-examination and argument, was that the victim fabricated the allegations because she wanted to end the relationship.
Discussion. 1. The photographs. The defendant claims that the judge abused his discretion by admitting in evidence two photographs of the victim. The photographs were premarked as exhibits by agreement, and were introduced by the Commonwealth without objection at the conclusion of the evidence.[3] The photographs are not dated and were not authenticated by a witness. However, there is no dispute that the photographs are of the victim, who appears "roughed up and disheveled." Her head is scratched and bruised. The defendant contends that he was prejudiced by the photographs, essentially because the jury were permitted to assume that the photographs had been taken following the incident which lead to the defendant's arrest. That assumption, however, is not unreasonable. Indeed, even though the jury asked a question regarding the date of the photographs during deliberation, it is fairly obvious that the photographs were introduced in support of the victim's testimony. No one questioned the relevance of the photographs,[4] and in the absence of any showing that the photographs did not depict the injuries the victim sustained during the altercation, we cannot say that the judge abused his discretion.
2. Closing argument. The defendant asserts that the prosecutor engaged in improper argument when he challenged the validity of the defense theory during his closing. The prosecutor argued as follows:
"[Defense counsel] just stood here and told you that everything that [the victim] sat here earlier today and told you did not happen, and it was a figment of her imagination, that she was a scorned woman, upset with how [the defendant] was taking care of the baby.
"So, to believe the defense in this case means you need to disbelieve everything that [the victim] said; that she got up here and said absolutely nothing to you but a whole bunch of lies.
"I'd submit to you that that's not the case, and that you will be able to determine that's not the case, because you saw her testify. You heard what she had to say and the manner in which she said it. Things she could remember and things she couldn't remember from something that happened over a year and half ago; wh[a]t details stuck out in her mind and what details didn't stick out in her mind[.]"
Because the defendant timely objected to the prosecutor's argument, we employ the prejudicial error standard, see Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994), and "evaluate whether the defendant was prejudiced thereby, considering the remarks in the context of the entire argument, the trial testimony, and the judge's instructions to the jury." Commonwealth v. Beaudry, 445 Mass. 577, 584 (2005).
The statements were not improper. The prosecutor may properly challenge the validity of the defendant's theory of the case and may properly comment upon the credibility of a witness without crossing the boundaries of proper argument. In the course of his closing, trial counsel impugned the victim's credibility and argued to the jury that she could not be believed.[5] Taken in the context of the whole argument, the prosecutor was asking the jury to assess the credibility of the victim and, in so doing, to reject the defendant's characterization of her testimony. The judge gave a limiting instruction,[6] and, in light of his forceful instruction on the burden of proof,[7] the argument did not diminish or shift the Commonwealth's burden.
Judgments affirmed.

The defendant was found not guilty of two additional offenses arising from the same episode: kidnapping and one count of witness intimidation. The defendant pleaded guilty to a second count of witness intimidation after the jury returned their verdict.

We recognize the difference between a premarked exhibit and a formal stipulation. A defendant is bound by a stipulation that a document is admissible unless the stipulation is vacated as "improvident or not conducive to justice." Commonwealth v. Sanchez, 405 Mass. 369, 377 (1989). Here, even though it was clear the defendant had no objection to the photographs, there was no formal stipulation to their admission.

The defendant does not claim that he received the ineffective assistance of trial counsel.

Defense counsel stated that the victim "would like you all to believe that [the defendant] comes to bed, puts her in a headlock, and starts assaulting her." He went on to say that the victim's testimony "makes no sense," and that the assault was "something that this woman made up because she went to bed angry."

Trial counsel objected and asked for a contemporaneous limiting instruction. Acknowledging that the prosecutor's comments "maybe walked up to a certain line, but ... [were not] inappropriate," the judge stated that he would address the issue during his final instructions. Trial counsel said, "Okay, very well." Before beginning his final instructions, the judge specifically referred to the closing arguments and told the jury that he would explain how they should "approach the subject of credibility." He later did so, informing the jury that it was their "duty and function to resolve" conflicts in the testimony, that "[y]ou may believe everything a witness says, or only part of it, or even none of it," and that the burden of proof never shifts to the defendant. Trial counsel indicated that he was satisfied with the judge's instructions.

Before closing arguments, the judge stated: "The Commonwealth goes first in giving their opening, but they go second in giving the closing, because they have all the burdens of proof here." In his final instructions, the judge stated:
"The defendant is not required to call any witnesses or to produce any evidence, since he is presumed to be innocent. The presumption of innocence stays with the defendant unless and until the evidence convinces you unanimously as the jury that the defendant is guilty beyond a reasonable doubt.
"...
"The defendant has an absolute right not to testify, since the entire burden of proof in this case is on the Commonwealth to prove that the defendant is guilty. It is not up to the defendant to prove that he is innocent."